■ JOSEPH A. FERRARA, SR., Appellant, v MACARTHUR ASSOCIATES, Respondent, et al., Defendants. [609 NYS2d 841] —In an action, *inter alia,* for an accounting of partnership assets, which was settled by stipulation, the plaintiff Ferrara appeals, as limited by his brief, from so much of an order of the

Supreme Court, Nassau County (Goldstein, J.), entered May 28, 1991, as granted that branch of the motion of the defendant MacArthur Associates for summary judgment against the appellant for the $12,340.24 due pursuant to the terms of the stipulation, and denied that branch of his cross motion which was to disqualify counsel for MacArthur Associates.

Ordered that the order is affirmed insofar as appealed from, with costs.

After considerable litigation, the parties entered into a stipulation of settlement whereby the appellant agreed to pay specified amounts to MacArthur Associates, and certain promissory notes, referred to as Supplemental Interest Limited Partner (hereinafter SILP) notes, would be returned to the appellant. The stipulation further provided that the defendants JLD Holding and Howard Goody would execute a security agreement providing for specified amounts to be paid to the appellant.

MacArthur Associates moved for summary judgment, *inter alia,* against the appellant, after the appellant failed to pay it the sum due under the stipulation. The appellant maintained that he was not required to pay MacArthur Associates the amount in question until (1) his SILP note was returned to him, and (2) Goody personally executed the security agreement. The appellant also cross-moved, *inter alia,* for disqualification of counsel for MacArthur Associates and appointment of independent counsel, based on alleged conflicts of interest. The Supreme Court, *inter alia,* granted summary judgment against the appellant, and denied as academic that branch of the appellant's cross motion which was for disqualification. We affirm.

Contrary to the appellant's contentions, the obligations set forth in the stipulation of settlement were independent of each other, and the appellant's obligation to pay MacArthur the sum in question was not conditioned upon Goody's execution of the security agreement *(see,* 22 NY Jur 2d, Contracts, § 237).

Since summary judgment was granted against the appellant, the branch of the appellant's cross motion which sought appointment of independent counsel for MacArthur Associates is academic. Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur.