*118 OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this proceeding, commenced as a nonpayment, the parties entered into a stipulation of settlement on November 15, 2004 in which it was agreed, inter alia, that the proceeding was converted to a holdover, in consideration of landlord’s waiver of nine months of rent arrears, and that tenant would be permitted to remain in possession through March 31, 2005 on the condition that monthly use and occupancy of $600 were paid going forward as it accrued. It was further agreed that landlord would make specified repairs and that the parties waived all other claims concerning repairs and damage to tenant’s belongings. A warrant was issued on February 10, 2005 upon landlord’s counsel’s affirmation that January 2005 use and occupancy had not been paid. Thereafter, tenant moved to restore the matter to the calendar, asserting, as tenant had done in a prior unsuccessful order to show cause, that landlord had failed to make the agreed-upon repairs. By order dated March 2, 2005, the court below denied the motion, noting that tenant now owed $1,800. On this appeal, tenant, who is no longer in possession, claims that the stipulation was not binding because of landlord’s failure to make the repairs.
We affirm.
Under the express terms of the stipulation of settlement, the consideration for tenant’s agreement to convert the proceeding from a nonpayment to a holdover and to surrender possession was landlord’s waiver of nine months’ rent, and tenant was permitted to remain in possession through March 31, 2005 on condition that he paid monthly use and occupancy. In these circumstances, landlord’s obligation under the stipulation to make the specified repairs was independent of tenant’s obligation to pay use and occupancy, and landlord’s breach, if any, of his obligation affords no basis for holding that tenant was not required to fulfill his obligation to pay use and occupancy (see Greasy Spoon v Jefferson Towers, 75 NY2d 792, 795 [1990]; Ferrara v MacArthur Assoc., 201 AD2d 699 [1994]; Henry Hudson Gardens, L.L.C. v Bareda, 5 Misc 3d 127[A], 2004 NY Slip Op 51234[U] [App Term, 1st Dept 2004]). Accordingly, under the circumstances presented, the *119 court was justified in denying tenant’s application insofar as it may have sought to set aside the stipulation. Insofar as tenant may have sought to restore the matter to the calendar in order to enforce landlord’s repair obligation, we note that the issue of whether the court below erred in failing to enforce this obligation has been rendered moot by tenant’s removal from the premises.
Pesce, EJ., Golia and Rios, JJ., concur.